[Civ. No. 14879. Second Dist., Div. Three. July 23, 1947.]

LOS ANGELES RAILWAY CORPORATION (a Corporation) et al., Appellants, v. DEPARTMENT OF EMPLOYMENT et al., Respondents.

(Four Cases)

Frank Karr, C. W. Cornell and E. L. H. Bissinger for Appellants.

Robert W. Kenny, Attorney General, and Charles W. Johnson, Clarence A. Linn and Doris H. Maier, Deputy Attorneys General, for Respondents.

SHINN, Acting P. J.—This is an appeal by plaintiffs Los Angeles Railway Corporation, hereafter called corporation, and Pacific Electric Railway Company, hereafter called company, from a judgment in favor of defendant and cross-complainant California Employment Commission and others in four actions consolidated for trial. These actions were brought to recover certain employer and employee contributions together with certain penalty and interest thereon, all of which were paid, under protest, pursuant to the provisions

of the California Unemployment Insurance Act of 1935 (Stats. 1935, ch. 352; 3 Deering's Gen. Laws, Act 8780d) hereafter called California Act, upon wages paid in the operation of certain motor coach lines, now designated as Los Angeles Motor Coach Lines but hereafter called Lines.

In 1923 the corporation and the company pursuant to a written agreement commenced the joint operation of the Lines as supplemental to their several streetcar services in and about Los Angeles. In 1935, the California Act was enacted as a part of the national unemployment insurance system contemplated by title IX of the Social Security Act. (49 Stats. 620; 29 U.S.C., § 45b.) Thereafter employer and employee contributions under the California Act based upon the wages paid those working for the Lines were paid by the corporation and the company. Each paid one-half of the wages paid such employees and each paid contributions based upon its one-half of such wages. On July 1, 1939, the Railroad Unemployment Insurance Act (52 Stats. 1094; 45 U.S.C., §§ 351-367), hereafter called Railroad Act, became effective. Just prior thereto and in anticipation thereof the Legislature passed chapter 169 of Statutes 1939, effective immediately, which made various amendments to the California Act. Among those made was section 7.5 which, so far as here pertinent, reads as follows: "The term employment does not include service performed after June 30, 1939, with respect to which unemployment compensation is payable under the Railroad Unemployment Insurance Act. . . ."

On July 1, 1939, the company, which is a carrier and employer under various federal railroad statutes, in response to demands made under the Railroad Act, began making the appropriate payments under that act upon its share of wages paid to those working for the Lines and, claiming the quoted exemption of section 7.5 of the California Act, ceased its payments of contributions to respondent commission. The corporation continued to pay under the California Act. In June, 1942, respondent commission first took the position that the Lines constituted an employing entity distinct from the corporation and the company, and set up a separate account for the Lines. Therefore, it denied that the company, to the extent of the wages paid by it to workers for the Lines, came under the Railroad Act, as an employer of those workers, and thereafter demanded that the company pay the delinquency, consisting of unpaid contributions to March 31,

1942, together with penalty and interest, alleged to exist since July 1, 1939. This demand was complied with by payments under protest. Such payments were likewise made by the corporation and the company to the new separate account of the Lines for the second and third quarters of 1942. This litigation was then initiated to recover the sums paid under protest and for other appropriate relief. We note that counsel for the corporation and the company stated in the trial court that the corporation was not seeking to recover its half of the two 1942 quarterly payments, the prayers of the two complaints to the contrary notwithstanding. It is our understanding from this statement (which is not found in the briefs) that the corporation is no longer contesting its liability for contributions under the California Act for those working for the Lines based upon the one-half of their wages paid by the corporation. That liability would appear to have been satisfied.

The company, in a further effort to resolve the question as to where its unemployment insurance liability for the wage earners working for the Lines lay, instituted suit in the local federal district court to recover the payments made by it upon such wage earners under the Carriers Taxing Act of 1937. (50 Stats. 435; 45 U. S. C., §§ 261-273, subch. B, ch. 10, Internal Rev. Code.) For reasons which will hereinafter appear we have withheld our final determination of this appeal pending the outcome of this federal litigation. We have always been of the opinion that the decisive question presented in both the state and federal litigation is whether the company is required to contribute under the Railroad Act for its share of wages paid to those working for the Lines.

In the action instituted by the company in the federal court, the United States Circuit Court of Appeals for the Ninth Circuit rendered judgment holding that so far as the one-half of the wages paid by the company is concerned, the employment of those working for the Lines comes under the Carriers Taxing Act. (*United States* v. *Pacific Electric Ry. Co.* (C.C.A. 9, 1946), 157 F.2d 902; cf. *Pacific Electric Ry. Co.* v. *United States* (Cal. 1945), 64 F.Supp. 796.) On April 7, 1947, the United States Supreme Court declined to review this decision. (330 U.S. 849 [67 S.Ct. 1094, 91 L.Ed. ——].) This conclusion was arrived at from a consideration of the nature of the operation of the lines by the corporation and the company, the question being whether the Lines was an

"employer" within the meaning of that term as used in the Carriers Taxing Act. It was held that it was not such employer, and that the company was an employer under that federal act to the extent of its payment of wages to workers for the Lines. If we consider this holding to be a construction of a federal statute, rather than a mere interpretation of the contract between the corporation and the company, it is controlling here for the reason that the definition of "employer" in the Carriers Taxing Act and the Railroad Act is identical. (See *Magruder* v. *Baltimore Steam Packet Co.* (C.C.A. 4, 1944, 144 F.2d 130.) But whether or not the holding is binding upon us we should follow it in order to avoid the inevitable confusion which would result from the assertion of liability of the company under both the Railroad Act and the California Act. We therefore hold that the employment of those working for the Lines, to the extent of one-half of the wages paid therefor by the company, is employment with respect to which unemployment compensation is payable under the Railroad Act. By virtue of the plain language of section 7.5 of the California Act which we have heretofore quoted, such employment, to that extent, is therefore exempt from the California Act. The unemployment insurance liability of the company in regard to such employees is limited to payments under the Railroad Act.

Respondent commission argues that to hold those working for the Lines to be one-half under the railroad system of unemployment insurance and one-half under the California Act as a part of national system of unemployment insurance is inequitable to those employees because under sections 52.5 and 57.5 of the California Act, and section 354a(v) of the Railroad Act, their joint status adversely affects both their eligibility to benefits and the amount of benefits payable to them. Assuming that the dual status presents an administrative problem, this is a consequence which the responsible administrative agencies, respondent commission and the Railroad Retirement Board, have the power to avert by an agreement between them for unitary administration of the Lines account by one of them pursuant to section 56.5(b) of the California Act and section 362 (f and g) of the Railroad Act.

The judgment is reversed for such further proceedings as may be necessary to a disposition of the issues, in accordance with the views herein stated.

Wood, J., and Kincaid, J. pro tem., concurred.